IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO ACEVES JIMENEZ,<br><br>    Plaintiff(s),<br><br>  v.<br><br>RISENHOOVER, et al.,<br><br>    Defendant(s). | No. C 05-5134 TEH (PR)<br><br>ORDER OF SERVICE AND REFERRAL TO PRO SE PRISONER MEDIATION PROGRAM |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. Plaintiff specifically alleges that he has been denied medical treatment for Hepatitis C Virus (HCV") since he arrived at PBSP in December 2003. Plaintiff has complained to defedants and sought medical treatment, citing severe HCV symptoms such as fatigue, joint aches and nausea, but to no avail. On December 3, 2004, he requested treatment via an inmate appeal, but defendants "refused to provide [him] with adequate and proper medical treatment." Plaintiff seeks injunctive and monetary relief.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Liberally construed, plaintiff's allegations that defendants have denied him medical treatment for symptomatic HCV since he arrived at PBSP in December 2003 state a cognizable § 1983 claim for deliberate indifference to serious medical needs against the named defendants and will be served.  See, e.g., Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (failure to provide system of access to adequate medical care, failure to provide medical staff competent to examine and diagnose inmates' problems and failure to treat problems or refer inmates to others who could, violated 8th Amendment).[1]

C.     Pro Se Prisoner Mediation Program

The court has established a Pro Se Prisoner Mediation Program at PBSP. Certain prisoner civil rights cases may be referred to a neutral magistrate judge

---

[1] Plaintiff also names several Doe defendants he claims he cannot yet identify.  Plaintiff should attempt to ascertain the identity of the Doe defendants through discovery and move to amend to add them as named defendants once identified.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

2

for prisoner mediation proceedings. The proceedings will consist of one or more conferences as determined by the mediator. The conferences shall be conducted at PBSP with the defendants and/or their representatives attending by videoconferencing if they so choose.

Good cause appearing, the instant case will be referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings shall take place within 45 days after the defendants are served. Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within 5 days after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants at PBSP. The clerk also shall serve a copy of this order on plaintiff.

2. The clerk shall serve a copy of the court file, including a copy of this order, on Magistrate Judge Vadas in Eureka, California.

3. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the

/

1  dismissal of this action under Federal Rule of Civil Procedure 41(b).
2
3  SO ORDERED.
4
5  DATED: 02/02/06                     _____
                                        THELTON E. HENDERSON
6                                       United States District Judge

4